Filed: 10/20/2020 8:59 AM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID: 47332531

Case# 429-05468-2020

| | | |
|---|---|---|
| **JESSE WINDRIX,** Plaintiff | § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICAL DISTRICT |
| **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT STORE 6502** Defendant | § § § § § | OF COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Jesse D. Windrix, hereinafter called Plaintiff, complaining of and about Home Depot U.S.A., Inc, d/b/a Home Depot Store 6502 hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.  Plaintiff, Jesse D. Windrix, is an Individual whose address is 921 Garden Park Dr, #321, Allen, TX 75013.

3.  The last three numbers of Jesse D. Windrix's driver's license number are 507. The last three numbers of Jesse D. Windrix's social security number 865.

4.  Defendant Home Depot USA, a Foreign For-Profit Corporation, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the

registered agent of the corporation, Corporation Service d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:  monetary relief over $200,000 but not more than $1,000,000;

7. This court has jurisdiction over Defendant, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8. Venue in COLLIN County is proper in this cause under the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. At all times material hereto, Defendant was the owner of the premises located at 909 W McDermott Dr, Allen, TX 75013.

10. Jesse D. Windrix entered upon said premises for the purpose of jogging down the paved sidewalk owned and controlled by Home Depot.

11. During the time that Jesse D. Windrix was upon Defendant's property, Jesse D. Windrix was seriously injured as a result of a dangerous condition in that a portion of the paved sidewalk on Home Depot's property and under Defendant's control was raised and was not even with the remaining portions of the sidewalk. The portion of the paved sidewalk under Defendant's ownership and control was almost 4 inches above ground level.

12. Jesse D. Windrix's bodily injuries occurred as a direct result of the trip and fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT

13. At all times mentioned herein, Defendant Home Depot owned the property in question, located at 909 W McDermott Dr, Allen, TX 75013.

14. At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant, Defendant's agents, servants, and employees negligently permitted the paved sidewalk to become buckled, uneven, and raised from ground level, and negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant The Home Depot or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

16. Furthermore, Plaintiff would show the court that the condition of the paved sidewalk had continued for such period that, had Defendant Depot or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed

and corrected by such persons.

17. At all times pertinent herein, Defendant The Home Depot, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

- A. Failing to properly inspect and maintain the paved walkway in question to discover the dangerous condition;

- B. Failing to maintain the paved walkway in a reasonably safe condition;

- C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the paved walkway;

- D. Failing to give warnings to Plaintiff of the unsafe condition;

- E. Failing to provide adequate lighting of the area in question;

- F. Failing to discover and remove the buckled and raised paved walkway within a reasonable time; and

- G. Failing to train Defendant's employees to recognize the dangerous condition and warn others of the danger;

- H. Failing to supervise Defendant's employees to insure the Plaintiff was either informed of the dangerous conditions or to insure the dangerous condition was removed by its employees;

- I. Failing to discover and remove the metal chain / cable stretched across the walkway within a reasonable time;

- J. Was otherwise careless and negligent in the handling of the above-mentioned paved walkway.

**PROXIMATE CAUSE**

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

19.     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## DAMAGES FOR PLAINTIFF

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Jesse D. Windrix was caused to suffer severe injuries and to incur the following damages:

- A. Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Collin County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Physical impairment in the past;

- F. Physical impairment which, in all reasonable probability, will be suffered in the future;

- G. Loss of earnings in the past;

      H. Loss of earning capacity which will, in all probability, be incurred in the future;

      I. Mental anguish in the past;

      J. Mental anguish in the future;

22. By reason of the above, Plaintiff, Jesse D. Windrix has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUEST FOR DISCLOSURE

23. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request Defendants to respond to the request for disclosure within the time provided by Texas Rule of Civil Procedure 194.3 (a).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jesse D. Windrix, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE MCCRAW LAW GROUP**

By: /s/   Charlie Ginn
John L. (Lin) McCraw, III
Texas Bar No. 13482020
John C. (Charlie) Ginn
Texas Bar No. 24088878
1504 First Avenue
McKinney, Texas 75069
Tel. (972) 854-7900
Fax (972) 332-2361

**For E-Filing Service:**
efileMLG@mccrawlawgroup.com

*All court filings including pleadings, discovery, notices, motions & orders must be served at efileMLG@mccrawlawgroup.com or service is not perfected on McCraw Law Group*

**ATTORNEY FOR PLAINTIFF**